**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NADRIAN BUTTS,**

    **Plaintiff,**

vs.                                                        **CASE NO. 4:23-cv-00403-MW-MAF**

**CITY OF TALLAHASSEE,
et al.,**

    **Defendants,**
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Nadrian Butts, a pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed an incomplete application to proceed *in forma pauperis* (IFP), which is due to be denied. ECF No. 2. The Court reviewed the complaint as required by 28 U.S.C. § 1915A and liberally construed Plaintiff's claims. See <u>Mederos v. United States</u>, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)). The complaint is legally insufficient as an impermissible shotgun pleading. Ordinarily, Plaintiff would be provided an opportunity to amend; however, given Plaintiff's false assertions, he should not be afforded that courtesy. The case should be dismissed as malicious.

I.   **Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal without prejudice as malicious where plaintiff failed to disclose existence of one prior case, and

disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. A case in which

a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

## II.   Plaintiff's Complaint, ECF No. 1.

Plaintiff sued eleven defendants: the City of Tallahassee, the chief of police and six officers employed by the Tallahassee Police Department (TPD), unnamed persons employed by Leon County Emergency Medical Services (Leon County EMS), and an unnamed safety communications officer from the Consolidated Dispatch Agency, all in their official- and individual capacities. ECF No. 1, pp. 1-5. The unnamed defendants are identified as Defendants A through D, which is improper. Id., pp. 3-5.

According to Plaintiff on September 17, 2021, Leon County EMS personnel and the TPD officers were emergency dispatched to the northern parking lot of Junction Park to respond to a fight and to attend to an unconscious man laying in the street. Id., pp. 7-8. Apparently, Plaintiff was the unconscious man. Id. Plaintiff claims the City of Tallahassee failed to train its employees. Id., p. 7. Plaintiff and others had been assembled in the parking lot of the Piggly Wiggly and were "incapacitated or intoxicated." Id.,

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

p. 9. Upon arrival, the EMS personnel treated Plaintiff. Id. The police officers arrested Plaintiff as a suspect in a robbery and carjacking. Id. Without his consent and still unconscious, Plaintiff was transported to Tallahassee Memorial Hospital and was subjected to blood testing. Id., pp. 9-10.

Plaintiff claims he was subjected to an unreasonable search and seizure, was questioned, and arrested in violation of his constitutional rights. Id., pp. 10, 12-13. The TPD defendants investigated the scene, took photos, and gathered witness statements. Id. Plaintiff was, eventually, charged with robbery, carjacking, driving with a suspended license, driving under the influence, and damage to property. Id., p. 12.

Plaintiff claims he suffered mental and emotional distress due to Defendants' negligence, as well as physical and economic injuries but does not describe what those injuries are. Id. Plaintiff seeks $11,000,000 in compensatory damages; $1,100,000 in punitive damages; declaratory- and injunctive relief. Id., pp. 18-19. He did not truthfully disclose his litigation history.

### III. Plaintiff's Affirmative Misrepresentations

On the complaint form, Section VIII. PRIOR LITIGATION, advises:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may***

Case No. 4:23-CV-00403-MW-MAF

> ***result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

ECF No. 1, p. 20.

Question B asks, "Have you filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?" Id., p. 22. Plaintiff responded, "No." Id. This is false. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of a case Plaintiff initiated on May 1, 2023, in this Court, presenting the identical claims. See Case No. 4:23-cv-176-WS-MAF, Butts v. City of Tallahassee, et al. The earlier case is significant because the Court ordered Plaintiff to properly amend his complaint on three occasions. Id., ECF Nos. 4, 8, and 10. The Court advised Plaintiff that a complaint must comport with the Rules governing these proceedings, the defendants must be properly named, the claims could not be predicated upon negligent conduct, the claims were conclusory allegations, and the claims were likely barred by Heck v. Humphrey, 512 U.S. 477 (1994) because his criminal charges remained outstanding. Id. This is still the case. Plaintiff's criminal charges remain pending in Leon County Case No. 37-2021-CF-002501A. A pretrial hearing is set for January 4, 2024.

Plaintiff filed a notice of voluntary dismissal on June 29, 2023; and the case was closed on July 5, 2023. Id., ECF Nos. 11, 12. After the case was

Case No. 4:23-CV-00403-MW-MAF

closed, Plaintiff filed another IFP motion, which the Court denied as moot. Id., ECF No. 14. In the final order, the Court directed the Clerk to provide Plaintiff with a civil rights complaint form and an IFP application in case Plaintiff wanted to file a new case. Id. Then, on September 5, 2023, Plaintiff initiated the instant case; yet, he denied filing any cases involving the same events and issues. ECF No. 1. The earlier-filed case serves as evidence that Plaintiff affirmatively misrepresented his litigation history even in the face of the Court's warning. The complaint form contains a "Certification" section (Section IX(1)), which states: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including any litigation history, is true and correct." ECF No. 1, p. 24. Plaintiff signed the complaint under the penalty of perjury. Id., p. 25.

Prisoners must accurately disclose their litigation history on the complaint form under the penalty of perjury. Affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial

process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.

Here, Plaintiff knew that accurate disclosure of his litigation history was required and that dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty, there would be little or no disincentive for him to attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal

Case No.  4:23-CV-00403-MW-MAF

without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

Plaintiff will not be prejudiced by this dismissal and may choose to initiate a new case presenting his claims in a complaint that follows the Rules governing these cases and truthfully discloses his litigation history, subject to a new case number and filing fee.

## IV.     Plaintiff's IFP Motion is Denied as Incomplete

Plaintiff filed an IFP motion but did not include the Prisoner Consent Form and Financial Certificate, which requires his signature and that of an authorized penal official. The financial certificate contains questions relating to the average monthly deposits, withdrawals, and balance of Plaintiff's inmate account, which must be answered. Furthermore, Plaintiff was required to submit his inmate account statements showing all transactions for the six-month period immediately preceding the initiation of this case. Plaintiff signed his complaint on September 5, 2023. The relevant period is

Case No.  4:23-CV-00403-MW-MAF

March 5, 2023, through September 5, 2023. Plaintiff provided the inmate account statements from October 1, 2022, through April 23, 2023. ECF No. 2, pp. 3-7. Without the requisite information, the Court cannot determine if Plaintiff is eligible to proceed IFP. Denial is proper.

V.   **Conclusion and Recommendation**

It is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history and his claims are, alternatively, barred by <u>Heck v. Humphrey</u>. The case should be **CLOSED** with an Order directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike under the Prison Litigation Reform Act.

Plaintiff's IFP application, ECF No. 2, is **DENIED WITHOUT PREJUDICE** as incomplete.

**IN CHAMBERS** this 18th day of September, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).